UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

WESTERN STATES REGIONAL
COUNCIL OF CARPENTERS,

Plaintiff,

v.

VICTORIA STARR, et al.,

Defendant.

Case No.:  25-cv-02544-GPC-JLB

**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS**

Pursuant to Rule 16.1.d of the Civil Local Rules, a Case Management Conference was held on **May 22, 2026**.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

1. The Court understands that parties to litigation often enter into stipulations that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in specified way.  Any motion for a protective order entering such stipulation(s) in this case shall be filed as a joint motion no later than **June 18, 2026**, and comply with § VI of Magistrate Judge Jill L. Burkhardt's Civil

Chambers Rules. The parties may use Judge Burkhardt's model protective order, which is available on the Court's website under her Chambers Rules.[1]

If the need for a protective order is not initially apparent to the parties and only becomes apparent due to a later development in the case, the parties must seek leave to file a late motion for protective order. Any such motion shall be supported by good cause, which includes an explanation as to why the parties could not have anticipated the need for a protective order.

2.    Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **July 22, 2026**.

3.    All fact discovery shall be completed by all parties by **October 22, 2026**. "Completed" means that all discovery under Rules 30–36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. All interrogatories, requests for admission, and document production requests must be served by **August 21, 2026**.

**Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Civil Local Rule 26.1.a.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. Discovery disputes must be brought to the Court's attention in the time and manner required by § V of Judge Burkhardt's Civil Chambers Rules. **All discovery disputes must be raised within 30 calendar days of the service of an objection, answer, or response** that becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute. *See* J. Burkhardt Civ.

---

[1]    https://www.casd.uscourts.gov/Judges/burkhardt/docs/Burkhardt%20Model%20Protective%20Order.docx

Chambers R. § V. **A failure to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

4.     The parties shall designate their respective experts in writing by **November 23, 2026**.  Pursuant to Fed. R. Civ. P. 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts shall be by **December 7, 2026**.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

5.     By **January 7, 2027**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

6.     Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **January 21, 2027**.

7.     All expert discovery shall be completed by all parties by **February 22, 2027**.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.  Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

8.     All other pretrial motions, including those addressing Daubert issues related to dispositive motions must be filed by **March 22, 2027**.  Pursuant to Honorable Gonzalo

25-cv-02544-GPC-JLB

P. Curiel's Civil Pretrial & Trial Procedures, all motions for summary judgment shall be accompanied by a separate statement of undisputed material facts. Any opposition to a summary judgment motion shall include a response to the separate statement of undisputed material facts. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Motion papers MUST be filed and served the same day of obtaining a motion hearing date from chambers. A briefing schedule will be issued once a motion has been filed. The period of time between the date you request a motion date and the hearing date may vary. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

9. A Mandatory Settlement Conference ("MSC") will be held by video conference[2] on **March 15, 2027**, at **9:15 a.m.** before **Magistrate Judge Jill L. Burkhardt**. **Mandatory directions for participating in the MSC by video conference are attached hereto.** The purpose of the MSC is to permit an informal, candid discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve a mediated resolution of the case. All MSC discussions will be off the record, privileged, and confidential. *See* CivLR 16.3.h.

Pursuant to Civil Local Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[3] to negotiate and enter into a binding

---

[2]    If any party believes the MSC is more likely to be successful if conducted in-person, that party shall meet and confer on the issue with the other parties. After meeting and conferring, and no later than **60 days before the MSC**, the parties shall leave a joint voicemail with chambers at (619) 557-6624 indicating which of the parties requests an in-person MSC. In the voicemail, the parties shall leave three mutually available dates for a telephonic status conference to discuss whether the MSC should be held in-person. The final decision will be made by the Court.

[3]    "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481,

settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the MSC. In the case of an entity, an authorized representative of the entity who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

**Counsel for a United States government entity** may be excused from this requirement so long as the government attorney who attends the MSC conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

**Failure to attend the MSC or obtain proper excuse will be considered grounds for sanctions.**

10.    No later than **21 days before the MSC**, the parties shall exchange formal settlement proposals, as required by § III.A. of Judge Burkhardt's Civil Chambers Rules. No later than **14 days before the MSC**, the parties shall meet and confer in person or telephonically, as required by § III.B. of Judge Burkhardt's Civil Chambers Rules.

11.    No later than **March 8, 2027**, counsel (and any unrepresented parties) shall **lodge** confidential MSC statements with Judge Burkhardt's chambers via e-mail at efile_Burkhardt@casd.uscourts.gov. The parties' MSC statements shall comply with § III.C. of Judge Burkhardt's Civil Chambers Rules.

12.    Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, the parties are excused from the requirement of Civil Local Rule 16.1.f.2.a; no Memoranda

---

485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).

of Law or Contentions of Fact are to be filed.

13.   Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **June 25, 2027**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

14.   Counsel shall meet and take the action required by Civil Local Rule 16.1.f.4 by **July 2, 2027**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Civil Local Rule 16.1.f.4.c.  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

15.   Counsel for Plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1.f.  By **July 9, 2027**, Plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with Plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

16.   The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **July 16, 2027**, and shall be in the form prescribed in and comply with Civil Local Rule 16.1.f.6.

17.   The final Pretrial Conference is scheduled on the calendar of the **Honorable Gonzalo P. Curiel** on **July 23, 2027** at **1:30 p.m.**  The Court will set a trial date during the pretrial conference.  The Court will also schedule a motion *in limine* hearing date during the pretrial conference.

18.   The parties must review the chambers' rules for the assigned district judge and magistrate judge.

25-cv-02544-GPC-JLB

19.   A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

20.   The dates and times set forth herein will not be modified except for good cause shown.

21.   Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day shall not exceed 25 pages in length, per party, without leave of the judge who will hear the motion.  No reply memorandum shall exceed 10 pages without leave of a district court judge.  Briefs and memoranda exceeding 10 pages in length shall have a table of contents and a table of authorities cited.

22.   Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  June 4, 2026

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge

25-cv-02544-GPC-JLB

**Mandatory Directions for Zoom Video Conference Participation**

1.    The Court will use its official ZoomGov video conferencing account to hold the MSC.  **IF YOU ARE UNFAMILIAR WITH ZOOM:**  Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[4]  Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device).  Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the MSC.[5]  There is a cost-free option for creating a Zoom account.

2.    Prior to the start of the MSC, the Court will e-mail each MSC participant an invitation to join a Zoom video conference.  Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.  Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that her or his device is plugged in or that a charging cable is readily available during the video conference.  Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation.  **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**.  Zoom may then prompt participants to enter the password included in the invitation.  All participants will be placed in a waiting room until the MSC begins.

3.    Each participant should plan to join the Zoom video conference **at least 5 minutes before** the start of the MSC to ensure that the MSC begins on time.

4.    Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person MSC.  That is, the Court will begin the MSC with

---

[4]    If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.

[5]    For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

all participants joined together in a main session. After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[6] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

5.    As previously stated, MSCs are confidential court proceedings. All attendees must participate from a private and stable location where no individual who is not a party, a party representative, or an attorney for a party can overhear the proceedings. All attendees must be prepared to devote their full attention to the MSC as if they were attending in person. This means that attendees must clear their schedules of all conflicts for the entire period of the MSC.[7] Attendees may not participate from a moving car or a public space.

6.    All participants are expected to display the same level of professionalism and civility as they would at an in-person court proceeding. *See* CivLR 2.1; J. Burkhardt's Civ. Chambers R. § I.

---

[6]    For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

[7]    MSCs are ordinarily scheduled for three hours but may last considerably longer.